## V. H. Montgomery v. State

No. 25621. January 9, 1952.

Hon. E. A. Bills, Judge Presiding.

*E. O. Northcutt,* Amarillo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is robbery with firearms; the punishment, five years.

Three state witnesses, who were all of the persons present at the filling station on the night in question, testified that appellant, by the use of a shot gun, forced the owner of the station to take the money from his till and place it on the seat of appellant's car waiting outside and in which appellant then drove away.

Appellant and his witnesses testified to an alibi, which was not accepted by the jury.

We hold the evidence to be sufficient to support the verdict and, therefore, conclude that the trial court did not err in failing to instruct a verdict of not guilty.

Bill of exception No. 2 complains that the court failed to give a requested charge on the identity of the accused growing out of his defense of alibi. We find that in paragraph 7 of the court's charge he amply charged the jury that they must believe beyond a reasonable doubt that the appellant was the identical person who committed the offense before they could convict.

Bill of exception No. 3 complains of that portion of the court's charge in which he defined "assault" and "assault and battery".

The court, in that portion of his charge where he defined terms, gave the definition of the terms "assault" and "assault and battery" found in Article 1138, Penal Code. In addition thereto, the court instructed the jury, "The term 'assault and battery' is used herein in the same sense as 'Battery'. That is, the term 'assault and battery' is *synonimous* with the term 'battery'." We do not quote this as a model charge, but we do not feel that it was in anywise injurious to appellant. We cannot agree that this placed a greater burden upon him.

It must be borne in mind that appellant was here charged with robbery by assault. The court properly defined "assault." When the court came to apply the law to the facts, he charged the jury that they must find that appellant *made an assault*

upon the injured party and that, by means of said assault or violence or placing in fear, he took from the person of the injured party the money in question, which was a proper application of the law to the facts of the case. Therefore, the charge as a whole properly submitted the case to the jury.

Bill of exception No. 4 complains that, in replying to the following written communication from the jury: "If the verdict be guilty, can the sentence be lessened by the mercy of the court?" the trial court answered in writing: "The Court instructs you that in arriving at your verdict you will consider the evidence before you and the Court's charge heretofore submitted to you, and no other matters are to be considered by you, and when you have reached a verdict the judgment of the court will be in accordance with such verdict." We find no error therein.

Finding no reversible error, the judgment of the trial court is affirmed.