**Donnie PERRYMAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46409.**

Court of Criminal Appeals of Texas.

May 16, 1973.

Thomas Rocha, Jr. and Louis T. Rosenberg, San Antonio, for appellant.

Ted Butler, Dist. Atty., G. E. Wilcox, and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by firearms. Punishment was assessed by the court at eight years.

The sufficiency of the evidence is not challenged. Appellant contends that the trial court erred in failing to conduct a separate hearing on the issue of his competence to stand trial.

The record reflects that prior to trial appellant's counsel filed a motion for psychiatric examination and hospitalization. In his affidavit in support of the motion he stated:

"I am further convinced that at the present time, the defendant cannot understand the charge, indictment or proceedings, nor can he intelligently assist in his own offense (sic)."

In response to the motion, the court appointed Dr. Stephen S. Landow to conduct a psychiatric examination of appellant. Dr. Landow prepared a written statement of his findings and conclusions and presented it to the court. No request or demand for a preliminary hearing to determine appellant's competency to stand trial was made. Nor was a request or demand for a separate hearing made during the course of the trial. However, during the trial, the issue of appellant's incompetency to stand trial (present insanity) was raised through the testimony of the psychiatrist and of appellant's grandmother.

During the cross-examination of the psychiatrist the trial judge interrupted and made the following inquiry:

"A. He's a danger to himself or a danger to someone else.

THE COURT: At this time?

THE WITNESS: Yes. Now.

THE COURT: Now?

THE WITNESS: Yes. Because he can hear this hallucination at any time. When he is under stress, he can be driving down the road, if he hears his sister's voice, he might then be compelled to act in a similar fashion.

THE COURT: Are you saying, also, that he's at this time insane and requires hospitalization?

THE WITNESS: I am saying he requires hospitalization. Yes. And what I am saying is that this type of insanity, his type of difficulty, is not something that is a continuous thing but it comes at certain times under certain situations of stress.

THE COURT: All right. Are you saying at this time . . .

THE WITNESS: Yes.

THE COURT: . . . that at this time, Perryman is suffering under such disease of the mind as would render him insane to the point where he requires hospitalization?

THE WITNESS: Yes, sir. And I say that in my last letter. 'I recommend that Mr. Perryman be hospitalized and treated in a structured environment until his illness no longer represents a danger.' "

During further cross-examination of the psychiatrist by the prosecutor the following exchange occurred:

"Q. (By the prosecutor) Doctor, do you think this man requires hospitalization at this time for his own welfare and the welfare of society?

A. I certainly do. Absolutely."

Appellant's grandmother testified that there was a history of mental illness in their family, and related specific instances of appellant's acts of being "sick".

The state argues that further testimony in the record demonstrates that the evidence, when considered as a whole, is not sufficient to raise a reasonable doubt as to appellant's competency. Further, a close reading of the record reveals conflicting positions taken by defense counsel on the question whether the issue of competency to stand trial was raised. Nevertheless, the trial judge determined that such issue was raised by the evidence and charged the jury, at the guilt-innocence stage of the trial, on the issue of present insanity.

In Townsend v. State, Tex.Cr.App., 427 S.W.2d 55, this court approved the language of Van Dusen v. State, 197 Kan. 718, 421 P.2d 197, wherein that court stated:

"It is the trial court in whose mind a real doubt of sanity or mental capacity to properly defend must be created before that court is required to order an inquiry solely on its own initiative . . . ."

That the conviction of an accused person while he is legally incompetent violates due process,[1] and that state procedures must be adequate to protect this right is settled.[2] And as was observed in Townsend v. State, supra, the Supreme Court:

" . . . did not reveal the extent of inquiry to satisfy due process requirements, but it would appear at the minimum that a separate hearing for determination of competency is obligatory though not necessarily a preliminary one. While *Pate* would not require a jury trial on such issue, it would appear that Texas law would."

Recently, in Ainsworth v. State Tex.Cr.App., 493 S.W.2d 517 (1973), we discussed what is necessary to bring into play the due process requirement of a separate hearing:

"An accused is not required to prove actual insanity or incompetency before the trial judge is required to conduct a separate hearing on the matter. If this were the rule, the separate hearing procedure would become meaningless. However, it is necessary that evidence come before the court, from some source, of sufficient force to create in the court's mind reasonable ground for the judge to doubt the competency of the accused to stand trial. Once this occurs, the court should conduct a hearing out of the presence of the jury to determine whether or not there is in fact an issue as to the competence of the accused to stand trial."

Once this separate inquiry is made out of the jury's presence, the due process requirement is met. If the trial court determines that no such issue exists, his decision will not be disturbed in the absence of abuse of discretion. However, if the issue

1. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835; Article 34, Vernon's Ann.P.C.

2. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; Ainsworth v. State,

493 S.W.2d 517 (1973); Vardas v. State, Tex.Cr.App., 488 S.W.2d 467; Townsend v. State, supra; Article 46.02, Vernon's Ann.C.C.P.

is found to exist, then Texas law requires the court to halt the proceedings and empanel a separate jury to determine the issue uncluttered by the evidence relevant only to the question of guilt or innocence. Ainsworth v. State, supra; Vardas v. State, Tex.Cr.App., 488 S.W.2d 467; Hefley v. State, Tex.Civ.App., 480 S.W.2d 810; Tonwsend v. State, supra; Article 46.02, V.A.C.C.P.

■ It is clear from the record that the trial judge had grave doubts concerning appellant's competency to stand trial. It is also clear from the record that once the trial judge determined that the issue of incompetency was raised, he did not follow the procedure under Texas law and empanel a jury to determine the issue. Instead, he submitted the issue of present insanity, along with the issue of insanity at the time of the offense and the issue of guilt or innocence, in the same charge. This procedure, whereby the jury is asked to concurrently decide the issues of incompetence and guilt or innocence of the accused, was denounced in Townsend v. State, supra, wherein this court reasoned:

> "If the only procedure available to an accused is to have the issue of competency to stand trial (present insanity) submitted to the jury along with the conditional submission of guilt or innocence, might not the jury reach an unanalytical and impressionistic verdict as to competency based on all they had heard?"

427 S.W.2d at page 61. Accord, Vardas v. State, supra. See also Ramirez v. State, 92 Tex.Cr.R. 38, 241 S.W. 1020.

The procedure followed by the trial court in the instant case was inadequate to insure the appellant a fair trial on the issue of his competency to stand trial (present insanity) uncluttered by that evidence relevant only to the issue of guilt or innocence.

For the reason stated, the judgment is reversed and the cause remanded.