Donnie **PERRYMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46994.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Rehearing Denied April 17, 1974.

Thomas Rocha, Jr., and Louis T. Rosenberg, San Antonio (Both on appeal only), for appellant.

Ted Butler, Dist. Atty., Gus Wilcox and Michael P. Hodge, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault with firearms. The court assessed punishment at fifteen years.

Appellant was convicted in the 187th District Court of the robbery of Adolph Sosa on December 6, 1971. As he was leaving the Burnet Drug Store in San Antonio, Sosa was robbed while he was about to get into his parked car, which contained his wife and small daughter.

Appellant first complains of the trial court's failure to submit to the jury his special requested charge on identification. Both Sosa and his wife made positive in-court identifications of appellant as one of the two assailants. However, Sosa's identification was undermined by testimony that he had made a mistaken identification immediately after the robbery and had been unable to give police investigators an accurate description of his assailants two days later. Mrs. Sosa's identification remained unimpeached.

Appellant was the only defense witness. He raised a defense of alibi by claiming to be in Long Beach, California, on the date in question.

Based on the testimony concerning Sosa's identification, appellant requested the following special instruction on identification to the effect that

"[t]he evidence in this case raises the question of whether the defendant was, in fact, the criminal actor and necessitates your resolving any conflict or uncertainty in testimony on that issue.

"The Burden of Proof is on the prosecution with reference to every element of the crime charged and this burden includes the burden of proving beyond a reasonable doubt the identity of the defendant as the perpetrator of the crime charged."

The trial court refused to submit the instruction.

The trial court's charge to the jury should be viewed as a whole, and appellate review should not be limited to parts of the charge standing alone. Daniel v. State, Tex.Cr.App., 486 S.W.2d 944. In the instant case, the jury was charged on appellant's special defense of alibi and the law of principals. Instructions were also given on reasonable doubt and to the fact that the jury is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given to the testimony. Viewing the charge as a while, we hold that the court's instructions to the jury adequately covered appellant's theory and fully protected his rights, and therefore the trial court did not err in refusing to submit appellant's requested instruction on identity. See Gentry v. State, Tex.Cr.App., 494 S.W.2d 169; Parks v. State, Tex.Cr.App., 437 S.W.2d 554; Montgomery v. State, 156 Tex.Cr.R. 576, 244 S.W.2d 814.

Appellant's second contention is that the trial court erred in failing to impanel a jury after conviction but prior to the pronouncement of sentence to determine his sanity, as provided for by Article 46.02, Vernon's Ann.C.C.P., and Article 34, Vernon's Ann.P.C.

Appellant relies on Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, and

the rule announced in Townsend v. State, Tex.Cr.App., 427 S.W.2d 55, where we stated:

" . . . If the trial judge learns from personal observations, or facts known to him, or from evidence presented, or by motion of the accused or his counsel, or by affidavit, or from any reasonable claim or credible source that there is a bona fide doubt as to the accused's condition to comprehend his situation or make his defense, a duty devolves upon the trial judge to cause a sanity hearing on that issue to be held as provided by law."

Section 4 of Article 46.02, supra, provides, in part:

"If the question of the sanity of the defendant is raised after his conviction and prior to the pronouncement of sentence in a felony case or while an appeal from that conviction is pending, and sufficient proof is shown to satisfy the judge of the convicting court that a reasonable doubt exists as to the sanity of the defendant, the judge shall impanel a jury to determine whether the defendant is sane or insane. . . . "

■ Appellant filed no pre-trial motion requesting a jury determination of the issue of present insanity in advance of trial on the merits as provided by Section 1 of Article 46.02, supra. By announcing that he was ready and entering a plea without any suggestion of insanity to the court, appellant waived his right to a separate hearing before the trial. Zapata v. State, Tex.Cr. App., 493 S.W.2d 801, cert. denied 414 U.S. 1128, 94 S.Ct. 865, 38 L.Ed.2d 752 (1974); Boss v. State, Tex.Cr.App., 489 S.W.2d 580.

At no time during trial on the merits did he otherwise request a decision or issue on present insanity or present any evidence or competent testimony thereon, under Section 2 of Article 46.02. The only testimony regarding his sanity was presented at the punishment stage of the trial before the court during cross-examination of appellant. Appellant relies upon this testimony and some four other matters as the basis for his claim that sufficient facts or circumstances were brought to the attention of the trial judge to create a reasonable doubt of his competence to stand trial. .

As this Court stated in Townsend, supra, 427 S.W.2d, at page 63, quoting Van Dusen v. State, 197 Kan. 718, 421 P.2d 197:

"It is the trial court in whose mind a real doubt of sanity or mental capacity to properly defend must be created before that court is required to order an inquiry solely on its own initiative. The necessity for an inquiry under such circumstances addresses itself to the discretion of the court and its discretion will not be disturbed in the absence of abuse of sound judicial discretion."

The question before us then is whether, on the state of the record before us, there were sufficient facts or circumstances within the knowledge of the trial judge to create a reasonable doubt as to appellant's sanity so as to render his failure to impanel a jury to determine appellant's sanity an abuse of sound judicial discretion. Ainsworth v. State, Tex.Cr.App., 493 S.W.2d 517.

Appellant first urges that knowledge of the issues of insanity as a defense and mental incompetence to stand trial raised in another cause tried by the 187th District Court is imputable to the trial judge in the instant case. Appellant was tried some four months prior to the trial of the instant case before the Honorable John G. Benavides and convicted of the robbery by assault with firearms of Carol McKeown. Appellant strongly asserted the issue of sanity and it was hotly contested. A, psychiatrist, Dr. Stephen S. Landow, and appellant's grandmother testified that appellant was both insane at the time of the offense and incompetent to stand trial. Apparently, appellant also introduced a letter containing the results of a psychiatric examination conducted by Dr.

Landow in the McKeown robbery trial in response to a March 3, 1972, order by Judge Benavides issued in connection with the instant case. Later, this Court reversed appellant's conviction for the McKeown robbery in Perryman v. State, Tex.Cr.App., 494 S.W.2d 542, holding that the procedure followed by the trial court, in submitting the issue of present insanity along with the issue of insanity at the time of the offense and the issue of guilt or innocence in the same charge, was inadequate to insure the appellant a fair trial.

■ Trial on the instant case, the Sosa robbery, was also held in 187th District Court, but before the Honorable Peter Michael Curry, Judge of the 166th District Court. Our decision in the earlier Perryman case, 494 S.W.2d 542, was handed down some nine months after the trial. As we previously noted, appellant made no attempt to raise the issue of present insanity prior to the hearing on punishment. Dr. Landow's psychiatric report, included in appellant's brief but not in the record, was not introduced into evidence. Where the record is devoid of any indication that the trial judge possessed any personal knowledge of a sanity issue raised at the former trial of a defendant in another cause tried before a different judge, we hold such knowledge cannot be imputed to the trial judge presiding over a subsequent proceeding.

Appellant also relies upon his own testimony at the punishment stage of the trial. On cross-examination, he testified that he had been previously convicted in the 187th District Court for robbery by assault with firearms, and admitted that the jury had determined him to be both sane at the time of the offense and competent to stand trial. He also admitted that a psychologist had examined him at some time between the two trials and found him to be sane. On redirect, appellant testified that the prior conviction was still pending on appeal, that a state-appointed psychiatrist had found him to be insane at the time of the prior offense, and that he had never been told the results of the psychologist's examination in open court.

There were no other witnesses at the punishment stage and there is nothing more in the record concerning appellant's competency to stand trial. The only references in appellant's testimony concerning competence was that concerning the psychologist's finding that he was sane. Apparently, this is the reason competency to stand trial was not raised by appellant.

■ Appellant took the stand in his own defense and gave no indication that he was mentally incompetent. He answered all questions fully and coherently and evidenced an adequate understanding of his situation. At no time did appellant's counsel request a competency hearing during the trial. We hold that such evidence is insufficient to give rise to an issue of his competency to stand trial, especially when analyzed in comparison with appellant's actions throughout the entire course of the trial and the whole of his testimony. See Zapata v. State, supra.

■ Finally, appellant relies upon two post conviction motions to provide the trial court with knowledge of a bona fide doubt as to appellant's sanity, and to require a sanity hearing pending appeal under Article 46.02(4), V.A.C.C.P. As we noted in Abshire v. State, Tex.Cr.App., 438 S.W.2d 928, a defendant's right to trial on the issue of insanity as a bar to further proceedings is not foreclosed as long as an appeal is pending.

■ Appellant was sentenced on September 1, 1972. Appellant here relies upon a "Motion for Hearing Pending Appeal," requesting a sanity hearing in connection with his appeal of his conviction for the McKeown robbery, and filed on October 10, 1972. Appellant also relies upon a "Motion to Grant Application for Writ of Habeas Corpus" filed on December 12, 1972, in connection with the instant case. Neither motion appears in the record; the

"Motion for Hearing Pending Appeal" appears only in appellant's brief as an exhibit. As the record does not support appellant's contention that these motions were ever brought to the trial court's attention, the contention is overruled.

From the state of the record before us, we hold that the trial court did not err in failing to impanel a jury after conviction to determine appellant's sanity.

There being no reversible error, the judgment is affirmed.