**Annie Faye CARPENTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47982.**

Court of Criminal Appeals of Texas.

April 10, 1974.

Frank Maloney and Philip A. Nelson, Jr., Austin (on appeal only), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

Appellant was convicted of murder; punishment was assessed at 35 years.

The sufficiency of the evidence is not challenged.

Appellant contends the trial court erred in failing to determine the issue of her competency to stand trial at a separate hearing solely upon evidence relating to such issue.

Appellant was indicted on October 10, 1972. On October 31, 1972, a psychiatrist was appointed by order of the court reciting, "it appearing to the Court that a disinterested expert should be appointed to examine the Defendant herein with regard to her present competency to stand trial . . ." Thereafter, on January 25, 1973, the court entered an order reciting "there having arisen in the mind of the Court a reasonable doubt as to the present sanity of the defendant," and ordering that further prosecution be suspended and a jury be empanelled to determine the issue of present sanity. When, after hearing evidence on the issue of present sanity, the jury was unable to agree upon a verdict, the court discharged the jury and set the case for trial on the merits. Thus no jury

determination was ever reached on appellant's competency to stand trial.[1]

In Perryman v. State, 494 S.W.2d 542, this court held:

" . . . [I]f the issue [of competency to stand trial] is found to exist, then Texas law requires the court to halt the proceedings and empanel a separate jury to determine the issue uncluttered by the evidence relevant only to the question of guilt or innocence. Ainsworth v. State, Tex.Cr.App., [493 S.W. 2d 517]; Vardas v. State, Tex.Cr.App., 488 S.W.2d 467; Hefley v. State, Tex. Civ.App., 480 S.W.2d 810; Townsend v. State, Tex.Cr.App. [427 S.W.2d 55]; Article 46.02, V.A.C.C.P."

See also Noble v. State, 505 S.W.2d 543 (Tex.Cr.App.1974).

From the record in the instant case it is clear that the trial court found such issue to exist. The only question is whether, after having made such a determination, the trial court, in light of subsequent evidence, may reverse that determination. The record contains no order vacating or revising the trial court's initial determination that such issue did exist, nor findings of fact reciting reasons for any such determination, nor does it contain any evidence which would support any such findings or order. To the contrary, the evidence presented at the hearing on present sanity and the evidence at the trial on the merits both tend to raise such issue, and had it not been previously raised, the testimony at the trial on the merits alone would have been sufficient to require steps to be taken in accordance with the procedure outlined in Perryman v. State, supra.

■ The State urges that the issue of present competency was waived when appellant entered her plea without raising any issue of present sanity, and by her failure to make any motion raising such issue in accordance with Article 46.02, Vernon's Ann.C.C.P., citing Boss v. State, Tex. Cr.App., 489 S.W.2d 580, and Sandlin v. State, Tex.Cr.App., 477 S.W.2d 870.

■ *Boss*, supra, held that by announcing ready and entering his plea without any suggestion of insanity, the defendant had waived his right to require a separate pre-trial hearing under Article 46.02, Sec. 1, supra. That provision entitles a defendant to a pre-trial hearing on the issue *regardless* of whether the trial court determines that such issue exists or not. It is a right which may be waived by failing to assert it. If, however, the trial court at any stage during the proceedings determines that such issue does exist, under our holding in *Perryman,* supra, the court is under a *duty* to empanel a separate jury to determine the issue, and this regardless of whether the defendant so moves, or not, or even opposes it.

Sandlin v. State, supra, also involved waiver of an Article 46.02, Section 1, right and is therefore not in point. It has been held that Article 46.02, supra, was not intended to provide "an all encompassing and exclusive statutory procedure," (Townsend v. State, supra, 427 S.W.2d at 62), for preservation of the right of an accused not to be tried for an offense while insane. While Article 46.02, supra, provides means by which an accused may assert that right, the trial court has an independent duty to pursue the matter whenever there arises in the mind of the court a reasonable doubt as to the present sanity of a defendant.

■ In the instant case we are confronted not with the assertion or waiver of a right under Article 46.02, supra, but with the duty of the trial court to pursue the issue of present sanity upon its own motion. The trial court having determined that the

1. Although a charge on "Present sanity" was submitted at the guilt stage of the trial, conditioned upon a finding of not guilty by reason of insanity, such charge was not a submission on competency to stand trial, and in any event would have been erroneous if it had been so intended.

issue did exist, the issue should have been pursued to a final determination by a jury.

The procedure in the instant case was inadequate to insure appellant a fair trial on the issue of her competency to stand trial.

The judgment is reversed and the cause remanded.