**Dewey Carl NEWTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48196.**

Court of Criminal Appeals of Texas.

May 22, 1974.

Britt Thurman, Abilene, for appellant.

Ed Paynter, Dist. Atty. & Billy John Edwards, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of felony theft; punishment, enhanced under Article 63, Vernon's Ann.P.C., is life.

In his first four grounds of error appellant raises various contentions concerning a sanity hearing held June 20, 1973, challenging the sufficiency of the evidence therein on the issue of guilt, challenging the charge on insanity at the time of the offense, and contending the sanity hearing constituted prior jeopardy barring his subsequent trial on the merits. Before discussing these contentions we will outline the order of proceedings in this unusual case.

On May 8, 1973, appellant filed his "Motion for Sanity Examination," alleging (1) present insanity "under the legal definition of Insanity," (2) insanity at the time of the alleged offense, and (3) inability to assist counsel in preparing a defense; and requesting that a competent psychiatrist be appointed by the court to examine him. This is not a demand for trial of the issue of present insanity in advance of trial on

the merits as contemplated by Article 46.-02, Sec. 1, Vernon's Ann.C.C.P., but rather, appears to be a motion that the court exercise its discretion under Article 46.02, Sec. 2(f)(1), supra.

By order entered May 8, 1973, the court acted upon appellant's motion, ordering that appellant be delivered to the Big Spring State Hospital for examination to determine his sanity at the time of the alleged offense and at the time of the examination, and if he be found insane at either such time, to determine whether hospitalization be then required. It was further ordered:

"At the completion of such examination the psychiatrist or psychiatrists who conducted same shall make a written report of their findings to this Court."

No such written report appears in the record before us and in fact no further instruments of any kind after May 8 appear until the instruments relating to the sanity hearing conducted June 20, 1973.

The first docket entry following the notation of the May 8, 1973, order for a mental examination, is that of June 20, 1973, noting:

"Hearing on insanity motion both as to present sanity and to sanity at time of offense. Jury selected, testimony heard, and charge prepared. Arguments had and Jury retired to consider its verdict. Jury returned its verdict finding the defendant sane at the time of the commission and at the present time."

The record also contains jury lists for the June 20 hearing, the court's charge, appellant's objections thereto, and the verdict. Also contained is the question and answer statement of facts of testimony presented at the hearing, which reflects that the jury was sworn following which the indictment was read and appellant's plea of not guilty by reason of insanity was received.

The authority under which the June 20 hearing was held is not clear from the record. No order stating that the hearing was being held upon appellant's motion pursuant to Article 46.02, Sec. 1, supra, or upon motion under Article 46.02, Sec. 2, is to be found in the record. Neither is there any order in the record, nor any facts, such as would suggest a sua sponte finding that the issue of appellant's competency to stand trial had arisen in the mind of the court. Cf. Carpenter v. State, Tex.Cr. App., 507 S.W.2d 794 (1974); Noble v. State, Tex.Cr.App., 505 S.W.2d 543; Perryman v. State, Tex.Cr.App., 494 S.W.2d 542. The docket entry, however, states the hearing was held "on insanity motion" suggesting that the court was proceeding upon appellant's May 8 motion for appointment of a psychiatrist as though it were a motion under Article 46.02, Sec. 1, for a pretrial sanity hearing. The conclusion that said motion was the basis for conducting the June 20 hearing is further supported by the fact that appellant read the May 8 motion to the jury at the outset of the hearing as his pleading.

■ Turning now to appellant's first three grounds of error, no appeal lies from a preliminary trial on the issue of insanity regarding procedural matters. E. g., Taylor v. State, Tex.Cr.App., 420 S.W.2d 601; Bush v. State, 172 Tex.Cr.R. 54, 353 S. 2d 855. On the other hand, appellant's claim of double jeopardy raises a matter of constitutional magnitude and may be considered by this court. See, e. g., *Carpenter*; *Noble*; *Perryman*, all supra, wherein constitutional issues concerning pre-trial sanity proceedings were considered by this court.

In his fourth ground of error, appellant contends that jeopardy attached at the June 20 hearing, and that therefore the trial on June 25 constituted an unconstitutional placing of him twice in jeopardy for the same offense.

This Court has held:

"A person is in legal jeopardy when he is put upon trial in a court of compe-

tent jurisdiction upon a pleading sufficient in form and substance to sustain a conviction, when a jury has been charged with his deliverance and when the indictment or information has been read to the jury, and the plea of the accused heard." Rameriz v. State, 171 Tex.Cr. R. 507, 352 S.W.2d 131.

In State v. Olsen, Tex., 360 S.W.2d 398, the Supreme Court of Texas, in a proceeding brought for writ of mandamus to compel the judge of the 109th District Court to vacate a judgment and proceed to trial in a criminal cause wherein a previous judgment of insane at the commission of the offense had been entered upon a jury's verdict received in a pre-trial hearing on the question of insanity at the time of the offense, stated:

"The District Court of the 109th Judicial District undoubtedly had jurisdiction of the case of the State of Texas vs. John Mack Herring pending on its criminal docket. It also had potential jurisdiction under Article 932b to try, in a preliminary trial, the issue of the defendant's insanity at the time of the commission of the offense charged in the indictment. But jurisdiction thus conceded does not foreclose the question before us. Jurisdiction of a court must be legally invoked; and when not legally invoked, the power to act is as absent as if it did not exist."

After discussion of the statute and prior decisions, that court concluded:  ·

"We hold that jurisdiction of a court to try issues of insanity before a trial of the main charge can be invoked by or on behalf of a defendant only by a motion or request for a trial of the issue of present insanity. It follows that jurisdiction of the 109th District Court to order and hold a preliminary trial on the issues of insanity in State of Texas vs. John Mack Herring was never legally invoked and that the judgment rendered by it is therefore void." 360 S.W.2d, at 402.

At the time of that decision, Article 932b, V.A.C.C.P., now Article 46.02, V.A.C.C.P., provided in part:

"In any case where the question of the insanity of a defendant is raised and that issue is tried alone before the main charge or is tried in connection with the main charge, the jury shall state in their verdict whether the defendant was sane or insane at the time the offense is alleged to have been committed and whether the defendant is sane or insane at the time of the trial."

The court in *Olsen*, supra, noted that prior to enactment of Article 932a, V.A.C.C.P., in 1937, "there was . . . no legal procedure, statutory or decisional, by which a trial court could try the issue of insanity at the time of the act in advance of a trial on the main charge." The court later continued:

"But in that statute [Art. 932a], as in Article 932b which repealed and displaced Article 932a, the Legislature did not purport to state when or under what circumstances a preliminary trial was to be had, or how jurisdiction to order it was invoked. We must assume that both Article 932a and Article 932b were enacted by the Legislature with full knowledge that under court decisions jurisdiction of a trial court to grant a preliminary trial on the issue of insanity could be invoked by or on behalf of a defendant only by a motion or request therefor based upon allegations that because of present insanity the defendant was unable to prepare a rational defense to the main charge."

Thus, the Supreme Court, upon reading the prior court decisions to find the rule for invoking the jurisdiction of the court for a preliminary sanity hearing, in conjunction with reading the statute then in force to determine what issues must be submitted at such a hearing, reached the conclusion that insanity at the time of the act could be determined at a pre-trial sanity hearing if jurisdiction were first invoked by proper re-

quest and allegations of present insanity. The defendant in *Olsen* having only alleged insanity at the time of the offense, jurisdiction had not been invoked, and the judgment based upon the pre-trial hearing was held void.

■ The statute has been changed since *Olsen*, supra, and now, found at Article 46.02, V.A.C.C.P., provides the procedure for invoking jurisdiction for a trial of the issue of present insanity in advance of the trial on the merits (Art. 46.02, Sec. 1).[1] Furthermore, the present statute no longer provides for submission of the issue of insanity at the time of the act at *any* pre-trial sanity hearing.[2] Thus we find no jurisdiction for pre-trial determination of insanity at the time of the offense.

■ In the instant case, appellant's claim of double jeopardy rests entirely upon the theory that his plea and trial upon the issue of insanity at the time of the offense at his pre-trial sanity hearing placed him in jeopardy. The contention is without merit for two reasons. First, jurisdiction of the court was never properly invoked. Although it appears the trial court proceeded upon the supposition that the motion for appointment of a psychiatrist required a hearing under Article 46.02, Sec. 1, the record contains no written application such as required under said section to invoke jurisdiction. The proceedings were therefore void. Second, even if jurisdiction had been properly invoked under Article 46.02, Sec. 1, said jurisdiction would only have extended to determination of the issue of competency to stand trial. The court was without jurisdiction to determine the issue of insanity as a defense in advance of the trial on the merits.

Jurisdiction not having been properly invoked, no jeopardy attached. Appellant's fourth ground of error is without merit.

By his fifth ground of error appellant complains of the overruling of his request for a charge on circumstantial evidence.

Appellant and another were discovered immediately outside the fence of the Taylor Electric Cooperative building next to a pickup in which the electrical equipment stolen from the cooperative was loaded. When police officers approached, appellant ran and jumped into the driver's seat in the pickup as his companion got in the passenger side, and they attempted to flee in the truck. Other electrical equipment like that stolen was near the truck. Indentions were found in the ground, compatible with the equipment having been thrown over the fence. Some of the equipment was broken and leaking oil, which oil was also discovered in the back of the truck and on appellant's clothing. Appellant gave no explanation to the police of his possession of recently stolen electrical equipment. There was testimony identifying the stolen equipment as having belonged to the company and having been taken without consent.

■ Though there was no direct evidence of the actual taking, the facts proven were in such close juxtaposition to the actual taking as to render a charge on circumstantial evidence unnecessary. Appellant was discovered while still in the act of the crime, before the stolen equipment had been removed from the scene. The fact that it had already been taken off the victim's premises did not, in light of the facts in this case, make a charge on circumstantial evidence necessary. Cf. Riggins v. State, Tex.Cr.App., 468 S.W.2d 841, and cases discussed therein.

---

1. Of course, whenever reasonable doubt of the competency of a defendant to stand trial arises in the mind of the trial court, an independent duty to pursue the matter is placed upon the trial court, irrespective of the statutory procedure. See Carpenter v. State, supra; Town-

send v. State, Tex.Cr.App., 427 S.W.2d 55 at 62. No such duty arose in the instant case.

2. Article 46.02, Sec. 2(b)(3) applies to procedure at trial.

■ Appellant's final ground of error raises another objection to the charge. The record does not reflect that said objection was ever brought to the attention of the trial judge. Nothing is presented for review. Fair v. State, Tex.Cr.App., 465 S.W.2d 753.

Finding no reversible error, the judgment is affirmed.