Enrique **RIVERA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 56079.

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 21, 1979.

Rehearing En Banc Denied June 6, 1979.

Thomas Rocha, Jr., San Antonio, for appellant.

Alton R. Griffin, Dist. Atty. and Jim B. Darnell, Asst. Dist. Atty., Lubbock, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder wherein punishment was assessed at 60 years' imprisonment. Appellant asserts error was committed when the trial court took the issue of competency to stand trial away from the jury empaneled to determine that issue, when his confession was admitted into evidence, and when evidence seized in an allegedly illegal search was admitted.

Appellant was convicted of murdering Arthur Luna by beating him to death with a tire tool.[1] Before trial, his attorney submitted a motion for a present competency hearing which was granted. Rivera was examined by Dr. John Raines who filed a written report and testified at the hearing for which a jury was empaneled. Dr. Raines testified that he believed Rivera to be sane and able to aid in his defense and that he was trying to fake a psychiatric condition. His evidence was all that was submitted at the hearing. At the end of his testimony, the trial judge withdrew the matter from the jury and found Rivera sane as a matter of law.

■ Appellant protests that it was error for the trial judge to take the question of competency away from the jury. He claims that Art. 46.02, V.A.C.C.P., entitles him to a jury determination once a jury is empaneled and points to our decision in *Carpenter v. State*, 507 S.W.2d 794, for support. In that case the trial court, sua sponte, entered an order reciting that "there [had] arisen in the mind of the Court a reasonable doubt as to the present sanity of the defendant" and ordering that a jury be empaneled to determine the issue of competency. *Carpenter* at 794. When the jury was unable to agree on a verdict, the judge discharged it and set the case for trial on the merits at which the defendant was found guilty. This Court reversed because, once the trial judge had determined that the issue of present sanity existed, it was up to the jury to decide the issue. Appellant quotes us as saying in *Carpenter* at 795: "That provision [46.02, Sec. 1] entitles a defendant to a pre-trial hearing on the issue *regardless* of whether the trial court determines that such issue exists or not," and that is true as far as it goes. The sentence is referring to the right of a defendant to have a hearing to deter-

1. See *Lopez v. State*, Tex.Cr.App., 535 S.W.2d 643, for details.

mine present sanity once he makes a motion for one.[2]

Art. 46.02, Sec. 2(b), V.A.C.C.P., however, provides certain rules that govern the conduct of that hearing. As it existed at the time of the proceedings in this case, it stated:

"(b) When the issue of present insanity is tried, the following rules shall apply:

"(1) The issue of present insanity shall be submitted to the jury only if supported by competent testimony."

Thus, the issue should not be submitted to the jury that has been empaneled unless there is competent evidence supporting it. In *Carpenter*, the judge had already decided there was evidence requiring a hearing be conducted. In the present case, the judge was responding to the mandatory provision of Art. 46.02, Sec. 1, in convening a hearing after appellant's motion. In the course of that hearing, after all the evidence had been submitted, he determined that there was "no competent testimony" to support submitting the issue to the jury and declared Rivera sane as a matter of law. *Perryman v. State*, Tex.Cr.App., 494 S.W.2d 542; *Ainsworth v. State*, Tex.Cr.App., 493 S.W.2d 517; and *Townsend v. State*, Tex. Cr.App., 427 S.W.2d 555, cited in the briefs, all revolve around the necessity for a jury determination of the question of competency once facts have come to the trial judge's attention which cause him to believe that such an issue exists. But when at the conclusion of the hearing it is found that no competent evidence was presented to support a finding of incompetency, it is not error under the above statute to refuse to submit the issue to the jury. In this case, the judge determined, after listening to the testimony at the hearing, that the issue was not supported by competent testimony, and was, therefore, required by Art. 46.-02(2)(b)(1), as then extant, to proceed as he did. Appellant's first ground of error is overruled.

Appellant claims error was committed when his confession was introduced at trial because the conditions under which it was taken made it involuntary. During the course of the trial, the court held a hearing outside the presence of the jury to determine the voluntariness issue. The trial court had also heard a pretrial motion on the same issue several months before the trial, and at the conclusion of the mid-trial hearing, when the trial court announced its finding that the confession was voluntarily given, the court stated that it was also considering the evidence presented at the pre-trial hearing. The record of that hearing, however, is not in the appeal record before us. Accordingly, the issue urged by appellant cannot be determined on the record before us. The burden to present a sufficient record is on the appealing party. The ground of error is overruled.

Appellant's third and fourth grounds of error concern the admissibility of evidence seized by virtue of a search warrant which he alleges was improperly drawn. This exact question has been dealt with by this Court in a case involving one of his co-defendants. *Lopez v. State*, Tex.Cr.App., 535 S.W.2d 643. The warrant was found to be proper and the evidence admissible. Appellant's third and fourth grounds of error are overruled.

The judgment is affirmed.

---

2. Art. 46.02, V.A.C.C.P., as then extant, was mandatory:

"The issue of present insanity shall be tried in advance of trial on the merits, upon written application on behalf of the accused. If upon trial of the issue of insanity in advance of trial on the merits, the accused is found to be sane, the trial judge shall dismiss the jury which decided the issue of present insanity and empanel a new jury to hear any subsequent trial on the merits."