

**NUMBER 13-07-00360-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**GUADALUPE GARZA,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

---

**On appeal from the 28th District Court
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Guadalupe Garza, appellant, waived his right to a jury trial and pleaded guilty to five counts of burglary of a building and true to an enhancement paragraph that alleged two prior felony convictions. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003), § 12.42(a)(2) (Vernon Supp. 2007). The trial court sentenced Garza to 20 years' imprisonment and ordered $26,833 in restitution. By two issues, Garza contends that (1)

his plea of guilty cannot be relied upon as voluntary; and (2) his pleas of guilty and "true" to the punishment enhancement allegations were not knowingly given because the Court failed to verbally admonish him of the punishment range. We affirm.

## I. BACKGROUND

On February 1, 2007, a Nueces County grand jury indicted Garza on five counts of burglary of a building. The State, on March 9, 2007, filed a notice of intent to enhance punishment, in which it alleged that Garza had previously been convicted of two felony offenses. On April 9, 2007, defense counsel filed a motion suggesting incompetency and requested an examination. The motion did not provide any affidavits or other evidentiary support, and an order granting the motion was signed by the trial court without a hearing. No competency examination was ever performed. The record, however, contains two orders granting continuances sought by Garza's trial counsel.

On May 9, 2007, Garza executed a judicial confession and stipulation, in which he pleaded guilty to the five burglary counts and "true" to the two enhancement allegations. Garza's plea was entered without the benefit of a plea-bargain with the State. Before entering his plea, Garza received written admonishments and acknowledged reviewing the admonishments by initialing numerous paragraphs and signing the document. Among the numerous initialed paragraphs were the following statements:

> I am mentally competent to enter a plea in this case. I am sane now and I know what I am doing in court today. As far as I know, I was sane and I knew what I was doing on the date the offense was committed.
> . . . .
>
> I understand the admonishments given to me in writing by the Court, I know the range of punishment applicable in this cause, and I am aware of the consequences of my entering a plea of guilty or/nolo contendere.

2

The admonishments also warned Garza that he faced a punishment range of between two and 20 years in prison.

At the plea hearing, Garza's counsel stated that he was withdrawing the motion to determine competency and that he believed Garza was competent to stand trial. Garza briefly appeared before the trial court, and acknowledged to the trial court that he had discussed the matter with his defense counsel. The trial court then reviewed the documents that Garza had executed and sentenced him to 20 years' imprisonment and ordered $26,833 in restitution. The trial court has certified that this is not a plea-bargain case and that Garza has a right to appeal. TEX. R. APP. P. 25.2(a)(2). This appeal ensued.

## II. DISCUSSION

By two issues, Garza contends that (1) despite defense counsel's withdrawal of a previously granted motion to determine competency, the trial court could not rely on his plea as voluntary because the court did not conduct a competency examination prior to accepting his plea; and (2) his pleas of guilty and "true" to the punishment enhancement paragraphs were not knowingly given because the trial court failed to verbally admonish him of the punishment range prior to accepting the pleas.

## A.    Standard of Review and Applicable Law

A guilty plea may not be accepted by the trial court unless the court has admonished the defendant, and it appears that the defendant is mentally competent and entered the plea freely and voluntarily. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1), (b) (Vernon 2006).

When reviewing the voluntariness of a plea, we examine the record as a whole and determine whether the plea was entered voluntarily based on the totality of the

3

circumstances. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986). When the record shows that the trial court gave an admonishment either orally or in writing, there is a prima facie showing of a knowing and voluntary plea of guilty. *Ex Parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon Supp. 2007). The burden then shifts to the defendant to show that he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm. *Dorsey v. State*, 55 S.W.3d 227, 235 (Tex. App.–Corpus Christi 2001, no pet.). A defendant who has attested to the voluntary nature of his guilty plea bears a heavy burden at a subsequent hearing to demonstrate a lack of voluntariness. *Ybarra v. State*, 93 S.W.3d 922, 925 (Tex. App.–Corpus Christi 2002, no pet.).

Unless an issue is made of the accused's insanity or mental competency at the time of the plea, the court need not ask questions or hear evidence on the issue unless evidence is introduced that raises a bona fide doubt in the judge's mind as to the defendant's competence to stand trial. *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App.1976). A trial court's decision whether to conduct a competency inquiry, order an examination for competency, or find evidence supporting a finding of incompetency to stand trial are all reviewed for an abuse of discretion. *See Ross v. State*, 133 S.W.3d 618, 627 (Tex. Crim. App. 2004) (inquiry); *Bigby v. State*, 892 S.W.2d 864, 885 (Tex. Crim. App. 1994) (examination); *Garcia v. State*, 595 S.W.2d 538, 542 (Tex. Crim. App. 1980). A trial court's assessment of a defendant's mental competency is entitled to great deference by a reviewing court. *McDaniel v. State*, 98 S.W.3d 704, 713 (Tex. Crim. App. 2003).

A trial court must admonish a defendant who is entering a plea of guilty of certain matters, including the range of punishment attached to the offense for which he is entering

a plea. TEX. CODE OF CRIM. PROC. ANN. art. 26.13(a)(1). A judge may admonish a defendant orally or in writing; if the admonitions are given in writing, the court must receive a statement signed by the defendant and his attorney that he understood the admonitions and is aware of the consequences of his plea. *Id*. art. 26.13(d). Substantial compliance by the court in making the admonitions required by the statute is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the court's admonishment. *Id*. art. 26.13(c).

## B.     Voluntariness of the Guilty Plea

Garza argues that because he never underwent the court-ordered competency examination, his plea cannot be relied upon as voluntary and must be invalidated. Garza argues that even though the motion to determine competency was withdrawn at trial, the judge had no discretion to accept the plea without a competency inquiry or examination.

Garza received written admonitions from the court, including admonitions regarding the range of punishment, which he initialed reflecting that he "[understood] the admonitions given to [him] in writing by the Court, [he knew] the range of punishment applicable in this cause, and [he was] aware of the consequences of [his] entering a plea of guilty or nolo contendere." Garza's receipt and acknowledgment of the written admonitions creates a prima facie showing of a knowing and voluntary plea of guilty. *Gibauitch*, 688 S.W.2d at 871.

Garza argues that the granting of a motion to determine competency is sufficient to rebut the prima facie showing of a knowing and voluntary plea of guilty, even if it is withdrawn at trial. We disagree. A defendant, who has previously filed a motion for examination of competency, cannot complain that his case went to trial without further

5

proceedings regarding competency when it was his decision to proceed to trial without objection or further competency proceedings. *McDaniel v. State*, 98 S.W.3d 704, 711 (Tex. Crim. App. 2003); *see also Carpenter v. State*, 507 S.W.2d 794, 795 (Tex. Crim. App. 1973).

Furthermore, Garza's insanity or mental competence was not an issue. Rather, defense counsel withdrew the motion to determine competence, affirmed that his client was competent, and in several of the plea-related documents, Garza also affirmed his competency. Moreover, the court is not required to ask questions or hear evidence on the issue unless the evidence raises a bona fide doubt in the judge's mind that the defendant is incompetent; in which case, an informal competency inquiry is held. *See McDaniel*, 98 S.W.3d at 710. Generally, a bona fide doubt is raised only if the evidence indicates recent severe mental illness, at least moderate retardation, or truly bizzare acts by the defendant, and must cause a "real doubt" in the judge's mind that the defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or that he lacks an understanding of the proceedings against him. *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997); *Mata v. State*, 632 S.W.2d 355, 358-59 (Tex. Crim. App. 1982).

In the instant case, the judge was not provided with evidence that would raise the necessary bona fide doubt requiring an informal competency inquiry. The original motion to determine competency did not include any evidence indicating Garza's incompetence. Simply raising a suggestion in an unsupported motion as to a defendant's competency is not sufficient to raise the requisite bona fide doubt for a competency hearing. *McDaniel*, 98 S.W.3d at 711 ("The naked assertion, 'I am incompetent,' unsupported by any facts or

6

evidence, is not sufficient, by itself, to require" a competency hearing.). Defense counsel's failure to make an issue of defendant's competence and his affirmance of Garza's competence also support the court's failure to find evidence raising a bona fide doubt as to Garza's competence. Furthermore, Garza's admission to the court that he had discussed the charges and possible defenses with his attorney also indicates that he had a present ability to consult with his lawyer and a rational understanding of the proceedings against him such that he was competent to stand trial.

Garza cannot claim that his plea was involuntary simply because he was not afforded a competency hearing. Garza withdrew his motion for a competency examination at trial; he cannot now complain that he was not afforded such an examination because he chose to withdraw the motion. Additionally, the court did not abuse its discretion when it did not stay the proceedings or *sua sponte* conduct a competency hearing prior to accepting Garza's plea because he failed to provide sufficient evidence to raise a bona fide doubt as to his competence. Therefore, Garza failed to satisfy the heavy burden necessary to rebut the prima facie showing of a knowing and voluntary guilty plea. Garza's first issue is overruled.

## C.      Admonishments on Range of Punishment

Garza argues that his plea of guilty is not "intelligible" or voluntary because he did not know the possible repercussions of his plea. Garza argues that he failed to understand the possible repercussions of his plea because of the State's failure to include the enhancement effect of his state jail felonies in the charging indictment, the court's failure to verbally admonish him prior to receiving his guilty plea, and defense counsel's failure to appropriately explain the punishment to him. We now examine these contentions in turn.

7

An accused is entitled to notice of the State's intent to use prior convictions for enhancement purposes. *See Hollins v. State*, 571 S.W.2d 873, 876 (Tex. Crim. App.1978). A proper notice of intent to enhance punishment must be given in a timely manner, but it need not be pled in the indictment itself to be considered proper notice, so long as it is pleaded "in some form" prior to trial. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App.1997). Notice is presumptively reasonable if given at least ten days before trial. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(e), 28.10(a) (Vernon 2005). Although the State did not include the enhancement in the charging indictment against Garza, it filed its intent to enhance punishment on March 9, 2007, two months before trial. Furthermore, the State's intent to enhance punishment and the applicable heightened punishment range was also included in the court's written admonitions to Garza, which he signed affirming he understood the facts, applicable law, and range of punishment. Therefore, the State provided Garza with reasonable and proper notice of its intent to enhance punishment and the relevant range of punishment.

A court is only required to verbally admonish a defendant when it has not provided the defendant with written admonitions or when the defendant refuses to sign such written admonitions. *Id*. art. 26.13(d). In the instant case, Garza was provided with written admonitions, which he signed indicating that he understood the charges against him and the enhanced punishment. Therefore, the court was not required to verbally admonish Garza before accepting his plea of guilty.

The court substantially complied with the statutory requirements regarding the required admonitions to the defendant. Therefore, the court did not err in only providing written admonitions. Garza's second issue is overruled.

## III. Conclusion

The judgment of the trial court is affirmed.  _____

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 3rd day of July, 2008.