ACCEPTED
06-15-00106-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/19/2015 12:00:00 AM
DEBBIE AUTREY
CLERK

IN THE COURT OF APPEALS

SIXTH DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

TEXARKANA, TEXAS

10/19/2015 9:05:00 AM

DEBBIE AUTREY
Clerk

MOISES RENTERIA
       Appellant

Vs                                                06-15-00106-CR

THE STATE OF TEXAS
       Appellee

_____

ON APPEAL FROM

THE 188TH JUDICIAL DISTRICT COURT

OF GREGG COUNTY, TEXAS

TRIAL COURT NO.  38,802-A

_____

BRIEF ON BEHALF OF APPELLANT

_____

TIM CONE
State Bar #04660350
P.O. Box 413
Gilmer, Texas 75644
(903) 725-6270
e-mail:  timcone6@aol.com

ATTORNEY FOR THE APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

MOISES RENTERIA, #1734349
POLUNSKY UNIT
3872 FM 350
LIVINGSTON, TEXAS  77351
APPELLANT

THOMAS TIBILETTI
P.O. BOX 3663
LONGVIEW, TEXAS  75606
APPELLANT'S COUNSEL AT TRIAL

JENNY HUCKLE, (FORMER) GREGG  COUNTY ASST. CRIM. DIST.
ATTORNEY
101 E. METHVIN
LONGVIEW, TEXAS  75601
APPELLEE'S COUNSEL AT TRIAL

TIM CONE
P.O. BOX 413
GILMER, TX  75644
APPELLANT'S COUNSEL ON APPEAL

ZAN BROWN
GREGG COUNTY ASSIST. CRIM. DIST. ATTORNEY
101 E. METHVIN
LONGVIEW, TEXAS  75601
APPELLEE'S COUNSEL ON APPEAL

# **TABLE OF CONTENTS**

Page No.

List of Parties and Counsel……………………………………………. 2

Table of Contents………………………………………………… 3

Index of Authorities……………………………………………… 4

Statement of the Case……………………………………………. 6

Point of Error Number One……………………………………… 7,10
     The trial court erred in finding the Appellant made a voluntary, knowing, and intelligent waiver of his right to a jury trial.

Point of Error Number Two……………………………………… 7,11
     The trial court erred in failing to properly hold a hearing regarding Appellant's competency to stand trial.

Statement of Facts………………………………………………. 8

Summary of Argument…………………………………………. 9

Conclusion and Prayer………………………………………….. 12

Certificate of Compliance………………………………………. 13

Certificate of Service…………………………………………… 13

# INDEX OF AUTHORITIES

PAGE

**U. S.CONSTITUTION:**

6th Amendment, U.S. Constitution………................    10
14TH Amendment, U.S. Constitution……………………….    10

**TEXAS CONSTITUTION**:

Article 10……………………………………………..    10
Article 15……………………………………………    10

**STATE CASES**:

Carpenter v. State, 507 SW2d 794 (Tex.Crim.App. 1974)…..    12
Fuller v. State, 253 SW3d 220 (Tex.Crim.App. 2008)………    12
Ex Parte Hagans, 558 SW2d 457 (Tex.Crim.App. 1977)……    12
Meek v. State, 851 SW2d 868 (Tex.Crim.App. 1993)………    10
Rojas v. State, 228 SW3d 770 (Tex.App.Amarillo 2007)…..    12
Shaffer v. State, 769 SW2d 943 (Tex.Crim.App. 1989)……    10
Townsends v. State, 427 SW2d 55(Tex.Crim.App. 1968)…    12

**STATUTES**:

Texas Code of Criminal Procedure, Art. 1.03………………..    10
Texas Code of Criminal Procedure, Art. 1.04…………………    10
Texas Code of Criminal Procedure, Chapter 46…………….    11

NO. 06-15-00106-CR

IN THE

COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS


MOISES RENTERIA,
                    APPELLANT
        VS.

    THE STATE OF TEXAS
                    APPELLEE

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, the Appellant by and through his Attorney, namely Tim Cone, hereinafter referred to as Appellant, and submits this brief in support of reversing the judgment and sentence pursuant to the provisions of the Texas Rules of Appellate Procedure in Cause No. 06-15-00106-CR in the 188th Judicial District Court of Gregg County, Texas, (Trial Court Cause No. 38,802-A).

## STATEMENT OF THE CASE

The Appellant was indicted by the Gregg County Grand Jury in a two count indictment for the offenses of Aggravated Sexual Assault and Indecency with a Child. CR6. On February 17, 2011, the trial court held a hearing on the Appellant's Motion to Withdraw (filed by Appellant's trial counsel). CR42, 2RR. The trial court, sua sponte, ordered a competency evaluation. 2RR11, CR47. On August 1, 2011, the Appellant executed a waiver of jury trial and, after a bench trial, was found guilty on both counts of the indictment. 3RR119, CR55. The trial court assessed punishment at confinement for life on Count 1 Aggravated Sexual Assault) and twenty years confinement on Count 2 (Indecency with a Child). 3RR127, CR55. The Appellant indicated he wished to appeal the judgment of the trial court (sort of) and Appellant's counsel was appointed for the purpose of appeal. 3RR129. Unfortunately, Appellant's

attorney was not timely informed of the appointment and an out of time appeal was sought and granted. CR85-129. The Appellant now appeals the judgment and sentence of the trial court.

For clarity, THE STATE OF TEXAS will be referred to as "the State", and Moises Renteria will be referred to as "Defendant" or "Appellant."

## ISSUES PRESENTED

## POINT OF ERROR NUMBER ONE

The trial court erred in finding the Appellant made a voluntary, knowing, and intelligent waiver of his right to a jury trial.

## POINT OF ERROR NUMBER TWO

The trial court erred in failing to properly hold a hearing regarding Appellant's competency to stand trial.

## __STATEMENT OF THE FACTS__

Since sufficiency of the evidence is not a point of error, a fairly short rendition of the facts will suffice. It should probably be noted that the complaining witness was thirteen years old when she gave birth to a child and the DNA analysis indicated that the Appellant was the father of the child by a probability of 99.99%. 3RR43, State's exhibit number 8. Therefore, sufficiency of the evidence seems an unlikely successful point of error. However, there are other issues in the proceeding that do indicate errors made by the trial court.

On February 17, 2011, a hearing was scheduled to consider a Motion to withdraw filed by Appellant's trial counsel. 2RR. It should probably be pointed out, although not clear from the record, that the Appellant does not speak or read the English language but is fluent in his native Spanish language. Again, although it is not immediately clear from the record, Appellant's trial counsel is quite fluent in the

Appellant's native tongue. The hearing on February 17, 2011, really did not address the Motion to Withdraw but, instead, related to issues of plea offers and incoherent rambling by the Appellant that are easier to read from the record than set out in this brief. 2RR5-6,9-10. The trial court appropriately observed that a competency issue existed and, sua sponte, ordered the Appellant be examined for competency to stand trial. 2RR10-11. The order requiring the examination improperly states that the examination was ordered based on the Appellant's motion. CR47. Dr. Thomas G. Allen, Ph.D. filed a report indicating he was of the opinion that the Appellant was competent. CR51. No other judicial proceeding was ever held regarding the issue of competency.

On August 1, 2011, the trial court held a bench trial. 3RR. The waiver of the Appellant's right to a jury trial is set out in the record and is best described as convoluted and unclear-and best left to a reading of the record rather than an attempt to repeat in this brief. 3RR8-18. After the waiver was signed by the Appellant (CR63), the case was tried as a bench trial. The trial court found the Appellant guilty of both counts of the indictment and assessed the punishment previously described and ordered the sentences to run concurrently. 3RR127, CR58.

## SUMMARY OF THE ARGUMENT

The state of mind of the Appellant is related to both points of error. His mental processes were clearly impaired. Those processes were so clear to the court that the trial court, sua sponte, ordered a competency evaluation. While the mental health expert filed a report setting out that the Appellant, in his opinion, was competent, no hearing was held after the report by the trial court finding the Appellant competent or even addressing the issue of competency. This is error.

Further-and again related to the Appellant's mental competency-the process by which the Appellant executed the jury waiver clearly showed that the Appellant's mind was not functioning in a proper manner to voluntarily, knowingly, or intelligently waive his right to a jury trial. Both of these errors affect fundamental rights of the Appellant and require reversal.

## POINT OF ERROR NUMBER ONE

The trial court erred in finding the Appellant made a voluntary, knowing, and intelligent waiver of his right to a jury trial.

## ARGUMENT

The Texas Code of Criminal Procedure, Art 1.03 and 1.04, as well as the Texas Constitution (Article 10 and 15) and the U.S. Constitution (6th and 14th Amendments) all clearly set out the fundamental right of an accused to a jury trial. This right is, of

course, waivable. However, the waiver of the right must be made voluntarily, knowingly and intelligently. <u>Shaffer v. State</u>, 769 S.W.2d 943 (Tex.Crim.App. 1989); <u>Meek v. State</u>, 851 S.W.2d 868 (Tex.Crim.App. 1993)-this case later reversed on other grounds. The argument in the case at bar that the Appellant did not make a voluntary, knowing, intelligent waiver of his right to jury trial is simply abundantly clear from the record. 3RR8-18. The record shows that the Appellant did not understand the concept of a jury trial, the significance of a jury waiver, or the consequences of the waiver. The record shows a mind that simply was not functioning on a rational basis. Appellant's counsel is somewhat at a loss for further words to express the point but the record seems clear on this issue. Since the right to jury trial is a fundamental right, this error requires reversal.

## POINT OF ERROR NUMBER TWO

The trial court erred in failing to properly hold a hearing regarding Appellant's competency to stand trial.

## ARGUMENT

The Texas Code of Criminal Procedure, Chapter 46, sets out the procedure to be followed regarding issues of competency to stand trial. On February 17, 2011, the

trial court was to hold a hearing regarding trial counsel's motion to withdraw. The Appellant's basically nonsensical ramblings brought to the trial court's attention that the issue of competency existed. These ramblings are set out in the record. 2RR5-6,9-10. The issue was so obvious, the trial court, sua sponte, ordered the Appellant's examination on the issue of competence. While it was appropriate and admirable that the trial court ordered the examination By Dr. Tom Allen, the trial court must hold a separate hearing on the issue of competency. Carpenter v. State, 507 S.W.2d 794 (Tex.Crim.App. 1974);Ex Parte Hagans, 558 S.W.2d 457 (Tex.Crim.App. 1977); Townsend v. State, 427 S.W.2d 55 (Tex.Crim.App. 1968); Fuller v. State, 253 S.W.3d 220 (Tex.Crim.App 2008); and Rojas v. State, 228 S.W.3d 770 (Tex.App Amarillo 2007). Dr. Allen's report is not a judicial finding of competency. After Dr. Allen filed his report, the issue was simply never again addressed. In fact, the proceedings held on August 1, 2011, clearly indicate a bona fide issue of competency of the Appellant regarding the jury waiver. The Appellant simply did not make any sense regarding the jury waiver issue-which indicated he was not competent. Without a separate hearing on the issue of competency, the Appellant was denied a fundamental right and the trial court's judgment should be reversed.

## CONCLUSION AND PRAYER

For the reasons herein alleged, the sentence of the trial court should be reversed and remanded for a new trial.

Respectfully submitted,

/s/Tim Cone

_____

TIM CONE
Attorney At Law
P.O. Box 413
Gilmer, Texas  75644
e-mail:  timcone6@aol.com
ATTORNEY FOR APPELLANT

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 regarding length of documents, in that exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 971 words.

/s/Tim Cone

_____

TIM CONE
ATTORNEY FOR APPELLANT

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing Appellant's Brief has been provided to the Honorable Zan Brown, Gregg County Assistant Criminal District Attorney on October 18, 2015.

/s/Tim Cone

_____

TIM CONE
Attorney At Law