**Joe D. HARRIS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45140.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 15, 1972.

Melvyn Carson Bruder, J. Gilbert Shaw, Dallas (Court appointed), for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of heroin. After the jury had found appellant guilty, punishment was assessed by the court at forty-five years.

Special Agent Roberts testified that he and four other officers of the Dallas Police Department went to the China Doll

Lounge, after receiving information from an individual who had provided him with reliable information for a period of two years, that "Cadillac Joe," whom Roberts knew, would be arriving there shortly in a white Cadillac automobile bearing License No. LTC 92 with "around 100 capsules of heroin and a bunch of red birds." The officers saw the appellant arrive in the described vehicle, park it, lock it, and enter the lounge. They followed the appellant into the lounge, arrested him, searched him, found nothing, and then took him back outside to the automobile which they then searched and in which they found the contraband which constitutes the basis of this prosecution.

Appellant's first ground of error is that the court erred in overruling appellant's motion to suppress and in admitting into evidence the fruits for the search of the 1961 Cadillac. The facts surrounding the arrest and search in the instant case bear great similarity to the facts in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Almendarez v. State, 460 S.W.2d 921 (Tex.Cr.App.); United States v. Drew, 436 F.2d 529 (5th Cir., 1972). In each case, the suspect was identified with sufficient detail to permit location. Each informant had a tested period of reliability. Each suspect appeared or was located at the exact place, in the exact manner, and during the time designated. In the instant case, appellant was identified by name and a specific description of the vehicle and license number was given. See Almendarez v. State, supra; United States v. Acosta, 411 F.2d 627 (5th Cir.). In the instant case, Officer Roberts testified that the informant had cooperated with him in investigative work for about two years, had assisted him in developing cases against thirty or forty people and that informant was credible and worthy of belief. Here, as in Draper, Almendarez, and Drew, the informant did not state that he had seen the contraband on the suspect, but the officers were able to verify numerous details supplied by the informer. Where

and when appellant would be found, the details concerning the car he would be driving including the license number thereon were facts supplied by the informer and verified by the officers' surveillance. Thus there was probable cause to believe that the remaining bit of information supplied by the informer, that appellant would be arriving with "around 100 capsules of heroin and a bunch of red birds," would likewise be true. The information supplied was sufficient in detail to enable adequate corroboration of its trustworthiness. United ed States v. Drew, supra. It is apparent that the informer had not been fabricating his report out of the whole cloth and that all but the critical fact with respect to the possession of narcotics had been verified. Almendarez v. State, supra. We find that under the facts and circumstances in the present case, there was probable cause to believe that appellant had a quantity of narcotics in his possession.

The informant's report did not specify whether the contraband would be on appellant's person or in the automobile appellant was driving.

Appellant urges that, since he had been arrested inside the "China Doll," the Cadillac being locked and capable of being secured, no exigent circumstances existed authorizing the search of the Cadillac on the scene. Appellant argues that the Cadillac should have been taken into custody by stationing police officers around it until a search warrant could be obtained.

Recent cases in which the United States Supreme Court and this Court have held that a search warrant should have been obtained before a vehicle was searched are Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) and Stoddard v. State, 475 S.W.2d 744 (Tex. Cr.App.1972).

In Coolidge v. New Hampshire, supra, the defendant was arrested in his home upon a warrant for murder and taken to jail. Two days after the arrest, defend-

ant's cars were searched at the police station where they had been towed by officers. The cars were kept in custody and searched twice again over a year later. The arrest warrant and search warrant for defendant's home and cars were found defective.

In Stoddard v. State, supra, the defendant was arrested at his office where a quantity of dangerous drugs was found. Defendant was arrested and taken to the police station. Defendant's automobile parked on a street near the office building where the arrest was made was kept under surveillance by officers until a search warrant was obtained and the trunk of defendant's car was searched and marihuana was found therein. As in Coolidge, the search warrant was invalid.

In both Coolidge and Stoddard, it was held that even though there was probable cause for the search of the vehicle, there was an absence of exigent circumstances to justify a warrantless search.

In the instant case, if the officers had reached appellant and his vehicle and conducted the search before appellant left his car and entered the lounge, the question before us would have undoubtedly been limited to probable cause for the search. Having failed to arrest appellant and search him and his automobile before appellant departed his vehicle, was it incumbent upon the officers to seek a magistrate and obtain warrants before the officers could proceed further upon the informer's tip which had ripened into probable cause? Clearly not, since appellant could in the meantime have moved the vehicle out of the locality or jurisdiction in which the warrant must have been sought or destroyed the contraband. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

Having searched appellant and found no contraband, would the officers have been justified in taking appellant into custody to await the procuring of a search warrant

for the car and the execution of same? Such a course of action would have clearly been an intrusion upon appellant's constitutional rights. Herein lies an important distinction between the instant case and Coolidge v. New Hampshire, supra, and Stoddard v. State, supra, where the defendants were already in jail before the search was initiated.

Having probable cause to search appellant's car, was it incumbent upon the officers to seize the vehicle, thereby denying appellant the use of same until the police could seek out a magistrate, obtain a search warrant and carry out a search pursuant thereto? This is the course of action appellant urges that the police should have taken. In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, this very point is discussed by the United States Supreme Court, wherein the Court said:

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

The arrest of appellant, search of his person and automobile, and seizure of narcotics in his automobile were authorized.

Appellant contends that the evidence is insufficient to support the conviction. In support of this contention, appellant argues that there is no testimony that appellant owned the automobile and, further, the

narcotics were found in the fold of the front seat (described as "where the back of the seat met the part that you sit down on") where they were not in open view. Culmore v. State, 447 S.W.2d 915 (Tex.Cr. App.) and Arsiaga v. State, 372 S.W.2d 538 (Tex.Cr.App.) are relied upon by appellant. In Culmore, five persons were in the house when the marihuana was found. In Arsiaga, the defendant was charged with possession of a dangerous drug resulting from the finding of the drug in a cafe where accused and others were present.

■ In the instant case, appellant was the sole occupant of the automobile when the narcotics were found. Just prior to his arrest, appellant had locked the car and entered the "China Doll." The car was found locked after appellant was arrested and the officers attempted to search the car. These facts negate the possibility of someone else placing the contraband in the automobile when appellant entered the lounge. While appellant offered testimony that he owned a black Plymouth Fury, one of appellant's witnesses, Gertrude Daniels, testified, "I seen him driving a white Cadillac" and "I don't know what week it was, but now he did, he had a white Cadillac, but he didn't have it too long." Thus the testimony of appellant's own witness is probative evidence that appellant's trip to the "China Doll" in the white Cadillac was not a maiden voyage. While the sobriquet "Cadillac Joe"[1] does not offer the quantum of evidence sufficient to prove appellant's ownership of the Cadillac automobile, at the very least it would be consistent with his association with this brand of automobile. We deem the evidence sufficient to support the conviction.

■ Appellant contends the court erred in failing to grant his requested instructions concerning knowledgeable possession.

In Ramos v. State, 478 S.W.2d 102, this Court reversed a conviction for possession of marihuana for failure of the trial court to give an affirmative charge on the issue of knowledge. In Ramos v. State, supra, there was testimony that the utility room behind defendant's residence where the contraband was found was not locked, and neighbors and friends had access to and used the room. Further, there was testimony in Ramos that defendant was out of town on the date the informant had related that defendant possessed the marihuana. In addition, an officer testified in the Ramos case that several calls had come from residents of the neighborhood where defendant lived that marihuana had been found on their property.

In the instant case, there is no testimony about anyone having access to the car where the contraband was found other than appellant. Insofar as the evidence reflects, appellant had sole access to the automobile. In discussing when an affirmative charge on a defensive theory should be submitted, this Court, in Ramos, quoted from 31 Tex.Jur.2d, Instructions, Sec. 110, page 660:

" 'A defensive theory when raised by the evidence should always be submitted to the jury. The defendant has a right to an affirmative instruction on every defensive issue raised by the evidence whether the evidence is produced by the state or by the defense, whether it is strong or feeble, whether it is unimpeached or contradicted, or whether it is conflicting. Where the truth of the testimony is for the jury to determine, a charge on a defensive issue raised by the testimony should be given, even if the trial court is of the opinion that the testimony is not entitled to credence.' "

In the instant case, there is a complete absence of evidence that appellant did not know or ever stated or claimed that he did not know the heroin was in the automobile. Unlike Culmore v. State, supra, and Arsiaga v. State, supra, relied on by appellant, no other persons were shown to have access to the place where the contraband was

---

1. Witnesses for appellant and the State testified that appellant was known as "Cadillac Joe."

found. There are no conflicting stories from witnesses which require a jury to ferret out the credible testimony. Appellant's request for an instruction on knowledgeable possession is not supported by evidence and the court was not in error in refusing to grant same.

 Appellant contends that the court erred in failing to grant appellant's requested charge on circumstantial evidence. Appellant again relies on Culmore v. State, supra, and Arsiaga v. State, supra. The facts in those cases have already been distinguished from the instant case. In Ramos v. State, supra, this Court, in holding that the trial court was in error in failing to grant a charge on circumstantial evidence, said, "Nor was the contraband found within appellant's residence, where he would have had sole access to it. Instead, the marihuana was found at a place on appellant's property which was accessible to anyone." As heretofore pointed out, there is nothing to show that appellant did not have sole access to the heroin in the instant case. When the crime is possession of contraband, and there is an absence of evidence that persons other than the accused have access to the place where the contraband is found, no necessity for a charge on circumstantial evidence exists.

Appellant complains that certified copies of judgments and sentences in four prior misdemeanor convictions introduced at the penalty stage of the trial fail to recite that appellant was represented by counsel.

 No objection on the basis now urged was made at the time these documents were introduced (appellant had filed a motion to have same excluded on the basis of their being prejudicial and being too remote). No claim is even now advanced that at the time of such conviction, the appellant was indigent, without counsel, did not waive counsel, or that he was deprived of counsel in any manner. Taylor v. State, 470 S.W.2d 663 (Tex.Cr.App.); see

Palmer v. State, 475 S.W.2d 797 (Tex.Cr. App.); Vera v. State, 473 S.W.2d 22 (Tex.Cr.App.). No error is shown.

The judgment is affirmed.

Opinion approved by the Court.