Robert Steven SANDEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 65078.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 10, 1980.

**236**

Stanley F. Swenson and Eugene T. McLaughlin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kristine C. Woldy and David M. Castro, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

## OPINION

DOUGLAS, Judge.

Sandel was convicted of possession of marihuana. The court assessed punishment at three days and a fine of $100.

Sandel contends the court erred in overruling his motion to suppress evidence seized in a search of his car. Appellant contends the search was undertaken without probable cause.

Officer G. B. Raschke testified that an informant told him that a person in a yellow and white pickup with a camper shell would arrive at a specific address to purchase narcotics. Officer Raschke testified that the informant was a credible person known to have given reliable information in the past, but that the source of the informant's information was unknown to Raschke.

Raschke, after proceeding to a place where he could observe the location in question, saw appellant arrive in a yellow and white Chevrolet pickup with a camper, but did not see appellant leave his truck and did not see any other party approach appellant. Officer Raschke testified that he himself

was not observing the house where the transaction was expected to take place, but that another officer, Officer Jordan, was doing so. Officer Jordan did not testify, and what, if anything, he saw was not before the court.

Officer Raschke testified that, after seeing appellant drive up, the next thing he saw was appellant driving away, and that he proceeded to follow appellant and to call for a uniformed unit to pull appellant over, which it did. Raschke then joined the uniformed officers, asked appellant to step from his truck. Both appellant and the truck were then searched, and a plastic bag containing marihuana was found in the truck.

Although the State concedes that the information originally given Officer Raschke fails to meet the test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), it contends that the confirmation of certain details in the original tip—the description of appellant's vehicle, his arrival at the place described, his gender and his race—combined with the prior knowledge of police that the location was one at which drug transactions were occurring[1] sufficiently corroborated the tip to give rise to probable cause based upon it in accordance with the decision of the United States Supreme Court in *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), and with this Court's opinions in *Harris v. State*, 486 S.W.2d 88 (Tex.Cr.App. 1972), and *Lara v. State*, 469 S.W.2d 177 (Tex.Cr.App.1971), cert. denied 404 U.S. 1040, 92 S.Ct. 724, 30 L.Ed.2d 732.

We need not reach the question of whether the details supplied by the informant and corroborated by the officer's observations obviate in this case the usual requirement that the source of the informant's information be known to the officer who applies for a warrant or makes a warrantless search under exigent circumstances. Even had the instant tip been the result of the personal knowledge of the informant, the tip indi-

[1]. The location was apparently already under surveillance when the tip in question was received.

cated that appellant was to *buy* narcotics at the location in question, not to carry them there. There is nothing in the record which would support the conclusion that appellant, whom the tip painted only as a potential buyer of narcotics when he arrived at the curb, was a possessor of narcotics when he drove away.

The testimony does not support the assertion that the officers had probable cause to believe appellant possessed narcotics. The motion to suppress should have been granted.

The judgment is reversed and remanded.