**Alfonso Ray JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00017–CR.**

Court of Appeals of Texas,
El Paso.

Dec. 16, 1981.

On Motion for Rehearing Feb. 24, 1982.

from the front of the house. He saw them carrying some unidentified object. When he turned around and returned to this residence, one of the men began to run and the Appellant closed the trunk on his car and got into the car to drive off. The officer blocked the driveway and inquired if the Appellant lived at that address. Mr. Johnson told the officer he did not live there.

When he went to the front door, the officer observed that the door had been splintered and broken into, and he could see many items thrown around on the floor inside. The Appellant was arrested and advised of his rights. A search of Appellant revealed a key to the trunk of the car. When the officer opened the trunk to inventory it he found numerous articles taken from the home.

■ By his first point of error, the Appellant contends the trial Court erred in refusing to charge the jury on the law of circumstantial evidence because there was no direct evidence of entry into the habitation by the Appellant. Under the definition of the offense, entry is an essential element of the crime. Sec. 30.02(a) Tex.Penal Code. But, there was no need for a circumstantial evidence charge in this case, primarily because Officer Brightenger testified that the Appellant told him that he had been in the house. Such statement was admitted without objection and established this element of the crime. In addition, such instruction is not required where the facts proven are in such close juxtaposition to the fact constituting an element of the crime. *Newton v. State*, 509 S.W.2d 610 (Tex.Crim.App. 1974). Point of Error No. One is overruled.

■ The next point asserts the trial Court erred in overruling a motion to suppress evidence because items seized from the trunk of Appellant's car were obtained without a search warrant. The officer testified that before the trunk was opened, he called a wrecker to take possession of the Appellant's vehicle. But, he thought it was necessary to inventory the vehicle before it left the premises where the arrest was made. Much has been written about

Bruce J. Ponder, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., R. Bradford Stiles, Asst. Dist. Atty., El Paso, for appellee.

Before STEPHAN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

OPINION

OSBORN, Justice.

Alfonso Ray Johnson appeals from a conviction for the offense of burglary of a habitation. The Court assessed his punishment at six years. We affirm.

On May 3, 1979, El Paso Police Officer Jose Castro, Jr., was on patrol, when he noticed a car backed up on the driveway of the house at 1675 Lomaland. He observed the Appellant and another person walking

Fourth Amendment rights under the United States Constitution and the search of automobiles. In *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the Court announced a rule that was to "be easily understood and applied by courts and law enforcement officers alike." It required "that the officers must obtain a warrant when they intended to seize an object outside the scope of a valid search incident to arrest." Five years later in *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the Court noted the "distinction between automobiles and homes or offices in relation to the Fourth Amendment." It pointed out that "warrantless examinations of automobiles have been upheld in circumstances in which a search of a home or office would not." In recognizing an exception in the application of the Amendment to searches of automobiles, the Court said:

> In applying the reasonableness standard adopted by the Framers, this Court has consistently sustained police intrusions into automobiles impounded or otherwise in lawful police custody where the process is aimed at securing or protecting the car and its contents.

The struggles of a much divided court still continues in the automobile cases. *Robbins v. California*, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981); *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

We conclude that the rule which the Court applied in *Opperman* applies here, and the evidence was not obtained in violation of the Fourth Amendment. Point of Error No. Two is overruled.

■ The next point contends the trial Court erred in overruling the Appellant's motion to suppress because the arresting officer did not have sufficient facts to believe a crime was being committed in his presence which authorized him to detain and investigate the Appellant. We recognize that a temporary detention must be based on specific, articulable facts which, taken together with the rational inferences from those facts, reasonably warrant fur-

ther detention of the individual while more information is obtained, and, further, that the inarticulate hunch, suspicion, or good faith of a police officer will not warrant a temporary detention. *Ozuna v. State*, 587 S.W.2d 385 (Tex.Cr.App.1979). In this case, the officer observed a car backed up on the driveway at a residence, saw two people carring something out of the house, and the Appellant was walking barefooted across a rock covered front yard. As the officer passed, the two men were observed to be talking and watching his car. When he turned around and came back to the house, one of the individuals began to run and Appellant entered his car to drive off. Based upon all these facts, the officer was justified in detaining Appellant while he checked and found the house had been broken into through the front door and saw many articles thrown about in the house. He then made the arrest. Appellant's Point of Error No. Three is overruled.

■ The last point of error urges the trial Court erred in not granting a mistrial because the prosecutor made an improper argument. This point is based upon an argument in which the assistant district attorney said: " * * * based on the evidence, I've never seen a case as clear cut and convincing * * *." It is improper for counsel to inject his personal opinion into the case. *Villalobos v. State*, 568 S.W.2d 134 (Tex.Cr.App.1978); *Baldwin v. State*, 499 S.W.2d 7 (Tex.Cr.App.1973). But in this case, the argument was based upon counsel's analysis of the evidence and was not based on something outside the record. *Sikes v. State*, 500 S.W.2d 650 (Tex.Cr. App.1973). Any error was cured by the trial Court sustaining the objection and instructing the jury to disregard the statement. Point of Error No. Four is overruled.

The judgment of the trial Court is affirmed.

### OPINION ON MOTION FOR REHEARING

One week after our opinion in this case, the Court of Criminal Appeals in *Gill v.*

*State*, 625 S.W.2d 307, 319 (Tex.Cr.App. 1981), held:

> Absent a showing of probable cause and exigent circumstances, a warrantless search of a locked automobile trunk is per se illegal.

In essence, the En Banc opinion of the Court precludes entry into a locked trunk of a vehicle under the impoundment inventory exception to the warrant requirement.

Aside from the inventory theory, which the State emphasized at trial, the seizure of the stolen items in this case was still permissible. The arresting officer observed the subjects leaving the residence. One was carrying something white. The other was walking barefoot on the rock surface of the yard. When the officer turned his vehicle around, one individual ran. The Appellant placed something in the trunk, slammed the lid, entered the vehicle and began to leave. Both individuals were stopped. They gave inconsistent accounts of their relationship to the residence.

The officer observed that the front door was broken and splintered. Through the open door, Officer Castro saw many items thrown about the house.

The individual who attempted to flee on foot had nothing in his possession which might be deemed stolen property. No stolen items were on the person of the Appellant. A stolen wristwatch was later found in the open passenger area of the vehicle. This left no doubt that the bulk of the stolen items were in the trunk of the car. An inventory of the car, prior to impoundment, revealed numerous stolen items in a white pillow case in the trunk. They were identified by the owner of the residence.

 The State's attorney presented the evidence under the inventory theory of warrantless searches. This was not necessary to validate its admission. The offense was committed in the officer's presence. The removal of the pillow case from the house, its placement in the trunk, and the opening of the trunk, all took place in several minutes. It was all one continuous action, contemporaneous with the arrest. Appellant may contend that it was practica-

ble for the officers to detain the vehicle and obtain a warrant. Both subjects were already under arrest. Practicability of obtaining a warrant is not the absolute test for Fourth Amendment questions. The constitutional issue is not whether a warrant would have been reasonable, but whether the search was unreasonable. *United States v. Rabinowitz*, 339 U.S. 56, 66, 70 S.Ct. 430, 434–435, 94 L.Ed. 653, 659–660 (1950). In *Rabinowitz*, federal officers exercised a lawful arrest of the defendant at his office. In the process, they seized evidence from closed desks and cabinets in the room in which he was found. The Supreme Court found no constitutional violation, since the search was reasonably incident to a lawful arrest.

 It is now well-established that the Fourth Amendment protects an individual's reasonable expectation of privacy and not simply his property interest. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). The privacy interest is not to be determined solely by resort to arbitrary geographical bounds, but should be assessed in light of reasonable expectations arising out of all the surrounding circumstances. To invalidate the present search simply because the Appellant was able to close the lid of his trunk while still in the officer's view would negate fifteen years of post-*Katz* reason. *Harris v. State*, 486 S.W.2d 88, 90 (Tex.Cr.App.1972).

In *Warden v. Hayden*, police entered a residence in hot pursuit of a described robber. While some officers found the subject in bed, feigning sleep, other officers searched numerous rooms on several floors of the house. A shotgun and a pistol were found in the toilet flush tank in the bathroom. Ammunition was found in the dresser. The pistol magazine was found under the mattress. Clothing, matching the description given by witnesses, was found inside a washing machine downstairs. The Supreme Court upheld seizure of the clothing, even assuming the officer was not look-

ing for the subject or his weapon inside the washing machine. The decision is generally classified under the hot pursuit exception to the warrant requirements of the Fourth Amendment. The operative time frame is virtually identical to that in which Appellant was arrested and the trunk opened. The danger exigency in *Warden v. Hayden* was not the primary basis of that decision and does not therefore negate the application of the decision to this case. Under the totality of the circumstances, there was no invasion of Hayden's reasonable expectation of privacy. The same is true here.

*Borner v. State*, 521 S.W.2d 852 (Tex.Cr. App.1975), approved seizure of marijuana from a locked trunk due to the continuity of the transaction, from original police sighting to search and seizure.

Further support for this seizure is found in Article 18.16 of the Code of Criminal Procedure:

> All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay.

The uncontested facts of the case display absolute compliance with this statute.

Application of this doctrine does not give unlimited authority to the police. The great danger which the Fourth Amendment is designed to prevent is general search authority vested in police officers. We are not confronted with an unfocused search, generally invading Appellant's privacy interests in the pursuit of evidence or contraband. This was no traffic stop culminating in a narcotics seizure. The officer observed a burglary in its final stages of completion. Prior to arrest and search, his examination of the front door and a portion of the readily-visible interior confirmed his suspicions. The absence of stolen property on the subjects' persons or in the passenger area of the car left the inescapable conclusion that the goods were in the trunk. Even a layman's reasonable expectations would be hard-pressed to characterize this as a search. It was more in the nature of a retrieval of a specific item from a specific place. The circumstances and nature of the officer's observations placed a definite limit on his intrusion. This limit was not broached and was not beyond what Appellant was reasonably entitled to expect.

For the above reasons, the seizure of the pillow case and articles from the locked trunk was not a violation of Appellant's Fourth Amendment rights. Even if this were not the case, the *Gill* decision would not justify reversal. *Gill* now limits the scope of vehicle inventories, and we are bound to follow that decision. Nonetheless, we would decline to apply *Gill* retroactively to this case. A cardinal premise of the exclusionary rule is that it will serve to deter police misconduct. There is no basis for finding police excess in this case. At the time Officer Castro conducted the inventory, a locked trunk was within the scope of such a procedure under state and federal law.

This very search was the basis for revoking Appellant's probation in another cause. That revocation was appealed, on Fourth Amendment grounds. The Texas Court of Criminal Appeals validated the inventory and affirmed the revocation. *See Johnson v. State*, 605 S.W.2d 933 (Tex.Cr.App.1980) (unpublished opinion No. 65085, Sept. 17, 1980).

When a change in the law calls into question a police officer's actions, and it is determined that he acted properly under the law in effect at that time, it is appropriate to limit the retroactive effect of the new rule. To do otherwise would be to punish observation of the law and would not provide deterrence. *Williams v. United States*, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971).

Appellant's Motion for Rehearing is denied.