Robert James SAYLOR, Appellant,

v.

STATE of Texas, Appellee.

No. C14–81–603CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 29, 1982.

Discretionary Review Granted
Nov. 3, 1982.

John Gilleland, Houston, for appellant.

Ray Elvin Speece, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

## OPINION

MORSE, Justice.

This is an appeal from a conviction for burglary of a habitation. Upon trial, appellant was found guilty by a jury and punishment, enhanced by two prior felony convictions, was assessed by the court as life imprisonment. We affirm the judgment of the trial court.

Appellant has raised four grounds of error on appeal. The sufficiency of the evidence has not been challenged; therefore, only a brief summary of the facts is necessary.

On or about April 3, 1980, several officers of the Village Police Department received information resulting in the surveillance of an apartment wherein Don McCready resided and where appellant was also thought to be located. On April 14, appellant was observed riding as a passenger in a car driven by McCready. Officers in the vicinity followed the car while the suspects slowly drove up and down residential streets in the area. A total of six officers participated in the surveillance.

Appellant got out of the car, walked around in the area, walked up to a house and returned to the street. He then continued walking and was picked up by McCready. The pair repeated this sequence, driving slowly up and down the streets. Saylor once again left the car, approached a house and returned to the street in less than a minute. Later testimony of the second house's owner revealed that appellant rang the doorbell of the second house, asked for an unknown person and then left immediately. From there appellant walked to the scene of the crime. Officers saw him walk to the back of the house and exit 20 minutes later by the front walk near the front door. No one actually saw appellant enter or exit the habitation. Officers testified that appellant's pockets were bulging when he returned; the pockets had not been in this condition before he approached the house. The officers followed appellant constantly as he walked back to a food store in a shopping center, where he was picked up by McCready. Police officers blocked the car, identified themselves, took the suspects out of the car and then handcuffed and searched them. Officers said that when the suspects were stopped and told to "get your hands out the window," McCready complied and put his hands out, but appellant made movements as if he was attempting to remove something from his coat. The search of appellant and his pockets at the scene produced a camera, a pair of large vise grips and approximately 50 pieces of jewelry. Pry marks were found on the back door of the habitation. The victim of the burglary, later identified the recovered jewelry as hers. No search or arrest warrant was obtained for McCready or Saylor.

The defense produced one witness, Harry Gibson, who testified that he was at McCready's apartment with Saylor on the evening before the crime, when a call came for McCready from a man in jail. Gibson testified that he and appellant spoke to this person, who said that he lived at the address which became the scene of the crime. Gibson had the impression that a police officer was listening in on the call and that the conversation involved some kind of entrapment.

■ Appellant's first ground of error contends that the trial court erred in failing to grant a mistrial when the prosecutor commented upon his failure to testify. The prosecutor in his closing argument during the guilt or innocence phase of the trial made the following statement:

[Prosecutor]: I want to ask you what you may think or any reasonable person may think, that is the most galling part of this case. That is, that the defense puts on Larry Gibson, says it's a set-up. *He didn't say, "I didn't do it, I'm not the person that was out there, I didn't have her jewelry in my pockets." He says, "It's a set-up."* [emphasis added.]

Appellant made a timely objection and asked for a mistrial. The court overruled

appellant's objection and instructed the jury to consider only those matters presented by the evidence and the law as presented in the court's charge.

Appellant argues that the prosecutor's statement constituted a comment on the defendant's failure to testify in violation of Tex.Code Crim.Pro.Ann. art. 38.08 (Vernon 1965). The State contends that the statement made was merely "an attack on the credibility and materiality of the testimony of Larry Gibson ... " in trying to raise an issue of entrapment.

Although the court instructed the jury to consider the evidence only, the prohibition against a prosecutor's comment on the accused's failure to testify is generally not cured by instruction. *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App.1975); *Overstreet v. State*, 470 S.W.2d 653 (Tex.Cr.App.1971).

■ In *Hodges v. State*, 629 S.W.2d 850 (Tex.App.—Houston [14th District] 1982, no PDR), this court stated:

It is a basic and fundamental law in this state that the failure of an accused to testify may not be the subject of comment by the prosecution. *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App.1975). The test employed is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *Bird v. State, supra.* It is not sufficient that the language used might be construed as an implied or indirect allusion. *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr. App.1977), and cases cited therein. For indirect comments to constitute reversible error, they must call for a denial of an assertion of fact or contradictory evidence that only the appellant is in a position to offer. *Nowlin v. State*, 507 S.W.2d 534 (Tex.Cr.App.1974); *Griffin v. State, supra.*

There was no evidence or contention that the witness, Larry Gibson, was at the scene of the burglary or that he had complainant's jewelry in his pockets at any time. All the evidence presented by the prosecution indicated that the appellant was the one at the scene of the burglary with his pockets bulging with stolen jewelry. The statement by the prosecutor that "he didn't say, I didn't do it, I'm not the person that was out there, I didn't have her jewelry in my pockets" could only be interpreted by the jurors as an indirect comment on appellant's failure to take the stand and deny his guilt. Whatever the prosecutor's intentions, his comments went far beyond permissible limits in discrediting Larry Gibson's testimony and brought to the jury's attention the absence of denials which only appellant was in a position to make.

The Texas Court of Criminal Appeals has held in some cases that the prosecutor's comment on the defendant's failure to testify was harmless error. See e.g., *Ford v. State*, 477 S.W.2d 27 (Tex.Cr.App.1972); *Ramos v. State*, 419 S.W.2d 359 (Tex.Cr. App.1967). In *Ramos* the court said:

Even if we had no statute (Art. 38.08, supra) and even if the argument did constitute a comment on appellant's failure to testify in violation of his federal constitutional rights, we conclude the same is harmless error, finding beyond a reasonable possibility that it might have contributed to appellant's conviction. [Citing authorities.]

The test adopted in *Ramos* is that of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1976), where the United States Supreme Court held that before a federal constitutional error can be held harmless it must be determined beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. Cf. *Bird v. State*, supra.

In the present case, the wealth of evidence against appellant is overwhelming. Furthermore, punishment was set by the court, automatically fixed as a result of appellant's prior convictions. In light of the entire record and the particular circumstances of this case, we cannot conclude that the prosecutor's prohibited comments during argument contributed to appellant's conviction. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant argues that there was no probable cause for the arrest and warrantless search of appellant. The Texas Court of Criminal Appeals stated in *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972), that in order for a warrantless arrest or search to be justified, the state must show the existence of probable cause at the time the arrest or search was made and the existence of circumstances which made the procuring of a warrant impracticable. The court went on to say:

> Probable cause for an arrest exists where, at that moment, the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime.

The court stated in a footnote that this does *not* mean that the state must show sufficient evidence to establish guilt in order to have probable cause to arrest. Tex.Code Crim.Pro.Ann. art. 14.03 (Vernon 1977) allows peace officers to arrest without warrant "persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace ..." The record clearly shows (1) that appellant was constantly watched by police officers as he slowly drove up and down streets in a residential area; (2) that appellant left the car and went to the front door of several homes and then continued walking these streets; (3) that appellant approached a house, disappeared behind the house for approximately 20 minutes, and reappeared near the front of the house with his pockets bulging. These facts were sufficient to establish probable cause for appellant's arrest.

■■ A search incident to a lawful arrest requires no warrant if it is restricted to a search of the person or of objects immediately associated with the person of the arrestee. *Snyder v. State*, 629 S.W.2d 930 (Tex.Cr.App.1982); *Stewart v. State*, 611 S.W.2d 434 (Tex.Cr.App.1981). Since the arrest of appellant was supported by proba-

ble cause, the search of appellant's person incident to such arrest was also lawful. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973).

■ Appellant further argues that no circumstances existed in this case to make the procuring of a warrant impracticable. Appellant points out that more than an hour had passed from the time the officers first observed appellant "casing" the neighborhood and the time of the arrest. This argument is without merit, since the officers did not have sufficient evidence during the surveillance to constitute the probable cause necessary to obtain an arrest warrant. There was not sufficient probable cause until appellant disappeared behind the house and reappeared with bulging pockets. At that point the officers did not have time to obtain a warrant, because appellant would have left in the car driven by McCready. Accordingly, we find that the warrantless arrest and search of appellant was supported by probable cause and that testimony regarding items seized during the search was properly admitted at trial. Appellant's second ground of error is overruled.

■ Appellant's third ground of error complains that the presiding judge of the trial court abused his discretion in failing to rule on appellant's objections during the trial proceedings to the extent that appellant was denied effective assistance of counsel and was thereby denied a fair trial. Appellant did not precisely set forth the exact language and rulings complained of in the court's treatment of appellant's counsel's objections: specific lines and exact quotations were not given. However, a close reading and consideration of the record leads us to conclude that the trial court's rulings were just, were made in a timely and correct fashion and were without impropriety of any nature. Appellant's third ground of error is overruled.

■ In addition to the brief filed by counsel for appellant, appellant has filed a pro se supplemental brief. There is no

right to hybrid representation in Texas. *Rudd v. State,* 616 S.W.2d 623 (Tex.Cr.App. 1981); *LaBome v. State,* 624 S.W.2d 771 (Tex.App.—Houston [14th Dist.] 1981, no PDR). Appellant's pro se brief presents nothing for review. We have, however, examined the contentions asserted therein and find no error that should be considered in the interest of justice.

The conviction is affirmed.